UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---

Heather Wurm, individually, and on the behalf of all others similarly situated,

    *Plaintiffs,*

    v.

400Gradi, Gradi Group, and Igor Stevovic

    *Defendants.*

**COLLECTIVE ACTION COMPLAINT**

**3:24-cv-1651**

**JURY REQUESTED**

---

Plaintiff Heather Wurm, individually ("Plaintiff"), and on the behalf of all others similarly situated ("Class Members"), by her counsel, Harman Green PC, alleges for her Complaint against Defendant 400Gradi, Gradi Group, and Igor Stevovic ("Defendants") as follows:

**PRELIMINARY STATEMENT**

1. This case is about the failure to pay owed wages and owed overtime.

2. Plaintiff is a woman who is employed by Defendants as a 'salaried manager,' but she operates in an hourly role. Plaintiff was not paid for her hourly work and is not paid overtime. The treatment Plaintiff faced is the same as other employees, who are improperly listed as tip exempt when they are not, and who are improperly labeled as salaried employees when they are not.

3. Plaintiff represents two classes, the Manager Class and the Server Class. The Manager Class encompasses all employees who have been listed as 'managers' in title only, improperly paid a salary, and asked to perform non-managerial, hourly work without overtime compensation. The Server Class is all employees who are coded as "servers" but work primarily as hourly employees in a non-tip exempt role.

**JURISDICTION**

4. Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they

1

arise under a federal statute.

## PARTIES

5. Plaintiff was and is a resident of Texas

6. Defendant 400Gradi has a place of business at 2000 Ross Ave Suite 140, Dallas, Texas 75201.

7. Defendant Gradi Group has a registered address at 99 Lygon St, Brunswick East VIC 3057, Australia and operates throughout Dallas, Texas at multiple locations.

8. Upon information and belief, Igor Stevovic was and is a resident of Texas, and is the owner and operator of 400Gradi where Plaintiff works.

## JURY DEMAND

9. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

10. Plaintiff is an employee of Defendants and began her employment in May 2023.

11. Defendants are joint employers; 400Gradi is wholly and completely owned and operated by Gradi Group.

12. Plaintiff was hired as a 'manager' and was paid a salary.

13. Despite this, the vast majority of Plaintiff's employment was and is based around non-managerial duties.

14. Plaintiff acts as a server and a barista.

15. Plaintiff would routinely work twelve hour shifts, and would work up to 65 hours per week, while listed as salary exempt, and would be directed to perform little to no managerial duties.

16. Plaintiff stepped down from her salary exempt position in September 2023, and was formally listed as an hourly employee.

17. Her job duties did not change at that time.

18.     From May to September, Plaintiff worked between 45 to 65 hours per week, but was only ever paid $770 per week, a salary of $40,000 per year.

19.     Plaintiff was not paid her overtime because she was illegally and wrongfully listed as exempt.

20.     Plaintiff had no supervisory authority, had no authority to bind the company or make decisions for the company, and was not an employee that fit into any Fair Labor Standards Act ("FLSA") exempt category.

21.     Defendants never paid Plaintiff any of her owed overtime from when she was improperly designated as salaried.

22.     After her designation to hourly, Defendants continued to treat Plaintiff in an illegal manner, by not providing her access to tip pooling, and constantly violated the 80/20 rule.

23.     For example, Plaintiff was not given even one customer to seat, as a server, during a 2 and a half hour shift on Valentines Day, 2024, and Defendants refused to share any tips with her.

24.     Instead, Defendants had her clean the restaurant during that shift, while being paid $2.13/hour until they decided to give her a table to wait on.

25.     Having a tip exempt employee operate outside of their tip exempt role, without paying minimum wage, is illegal and a violation of the FLSA.

26.     On January 29, 2024, Plaintiff clocked in as a 'bartender,' but did not operate as a bartender and, instead, opened the restaurant and operated outside of her normal tip exempt role as a server, but was never coded as being paid minimum wage.

27.     This happened on at least four other occasions.

28.     Plaintiff can compare her own records to Defendants' timekeeping and payroll records to determine precisely what days, and what shifts, she was improperly categorized as tip

3

exempt when she was not operating in a tip exempt role.

29. Plaintiff was told that her hourly rate would increase when training new employees. Plaintiff never received that promised, additional compensation.

30. Plaintiff repeatedly was given her paycheck which reflected an insufficient payment amount. When Plaintiff addressed this, Defendants said they would 'look into it,' but never did.

31. Defendants take money out of every employee's paycheck so that they could park in the nearby parking garage, but that parking garage owner is now refusing to allow 400Gradi employees to park their because Defendants are not paying the parking fees.

32. Essentially, Defendants are skimming employees' paychecks and wrongfully pocketing the money by claiming it is going to the parking garage.

33. This is only one of many illegal schemes Defendants partake in.

34. Defendants hire employees and pay them cash so they do not have to report the employees on payroll.

35. Defendants overcharge customers by claiming that products contain certain ingredients when, in fact, the products contain cheaper ingredients.

36. For example, one of Defendants signature cocktails claims to be made with Ketel One Vodka, but, really, is made with Townes, a cheaper vodka.

37. In all, Defendants have a number of illegal schemes that siphon money from employees.

38. Defendants violate tip pooling rules by forcing employees to work while coded and paid as 'tip exempt' when, really, they are operating in a typical hourly role.

39. Defendants violate salary designation rules by having 'salaried' employees work in hourly roles without being paid overtime.

40. Defendants have employees' paychecks shorted to pay for a parking garage fee that is never actually paid.

41. Defendants pay employees 'under the table' to avoid paying payroll taxes.

*Class and Collective Allegations*

42. Plaintiffs and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Manager Class Members were other employees improperly designated as salary or tip exempt when working in hourly roles. Plaintiff and Manager Class Members were not paid overtime.

43. Similarly, Plaintiff represents the Server Class, and she and the Server Class were not paid at the correct rate for work completed.

44. Accordingly, both sets of Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiffs in terms of job duties and pay provisions.

45. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experiences are typical of the experience of the Class Members.

46. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week.

47. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

48. Defendants knowingly, willfully, or with reckless disregard carried out their illegal

pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

## CAUSES OF ACTION
## FIRST CLAIM

**Failure to pay overtime wages in violation of the Fair Labor Standards Act**

49. Plaintiff incorporates each and every allegation and paragraph proceeding this claim.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

51. FLSA mandates that employers compensate employees at one-and-a-half times their normal hourly rate for all hours worked over 40 in a work week.

52. Defendants improperly labeled Plaintiff as salaried and did not pay her overtime.

53. The same is true for Manager Class Members.

54. Defendants had Plaintiff operate outside of any salaried category for more than 40 hours per week.

55. The same is true for Manager Class Members.

56. Defendants failed to pay Plaintiff for her overtime work related to serving restaurant guests and cleaning and closing the restaurant.

57. The same is true for Server Class Members.

58. Defendants acts against Plaintiff are one in the same as the Manager Class Members, who are given false titles and told they would be salaried, but, in reality, worked hourly roles and were not paid overtime.

59. Defendants acts against Plaintiff are one in the same as the Server Class Members, who were acting in an hourly, non-exempt job, but were not paid accordingly, and, instead, were paid at a server rate, a tip exempt rate.

7

60. Defendants willfully and intentionally violated the FLSA's overtime requirement by not paying Plaintiff at the overtime premium rate for the time she spent as a server.

## SECOND CLAIM

### Wage Theft, Plaintiff and all Class Members

61. Plaintiff incorporates each and every allegation and paragraph proceeding this claim.

62. Defendants take a portion of all employees' paycheck to allegedly pay for parking fees.

63. Employees park in a nearby parking garage at the direction of Defendants who claim to provide parking.

64. In reality, Defendants are not providing payment to the parking garage.

65. Instead, Defendants are keeping the money skimmed off the top of each and every employee's paycheck.

66. Plaintiff and all Class Members are owed their earned income returned to them.

## THIRD CLAIM

### Failure to pay minimum wage, Plaintiff and Server Class Members

67. Plaintiff incorporates each and every allegation and paragraph proceeding this claim.

68. Under the FLSA, every employee is entitled to a wage no lower than the federal minimum.

69. Some employees may be exempt if they receive tips in the normal course of their work duties, such as waiters.

70. Defendants routinely list Plaintiff and other employees as 'tip exempt' and then have them work in non-tip roles.

71.     Thus, Defendants fail to pay minimum wage as they are having employees work at a lower 'hourly tip rate.'

72.     The 80/20 rule requires Defendants pay minimum wage to any 'tip exempt' employee who works more than 20% of their time at work in a non-tip exempt role.

73.     Plaintiff and others routinely work as 'tip exempt' but perform more than 20% of their duties as minimum wage duties.

74.     As such, Plaintiff and Server Class Members are owed their back pay, commensurate overtime rate, emotional distress, and all other categories of monetary damages, and, as well, injunctive relief in the form of Defendants ending their illegal practices.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

D. Designation of this case as a collective action on behalf of all Manager and Server Class Member employees and former employees; and

E. For such other and further relief as the Court deems just and proper.

Dated:
June 28, 2024

**HARMAN GREEN PC**

By: _____
Walker G. Harman, Jr.
824 Exposition Ave.,
Suite 8
Dallas, Texas 75226
(646) 248-2288
wharman@theharmanfirm.com
erichardson@theharmanfirm.com
*Attorneys for Plaintiff*
