IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HEATHER WURM,** individually and on the behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:24-CV-1651-L** |
| **400GRADI; GRADI GROUP;** and **IGOR STEVOVIC,** | § § § § | |
| Defendants. | § § | |

# ORDER

Before the court is Plaintiff's Request for Entry of Default Judgment ("Motion") (Doc. 5), filed on August 23, 2024. Plaintiff requests that the court enter a default judgment against her employers 400Gradi and Gradi Group for alleged violations of the Fair Labor Standards Act as a result of their failure to timely file an answer or otherwise respond in this action after being served with copies of summonses and Plaintiff's Complaint on July 25, 2024. The court determines that the Motion (Doc. 5) should be and is hereby **denied**.

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. Default judgments are a "drastic remedy" and "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). This is because there is a strong policy in favor of resolving litigation on the merits rather than procedural maneuver. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citation omitted). As a result, "[a] party is not entitled to a default judgment as a matter of right, even whe[n] the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (citation omitted); *Lindsey*, 161 F.3d at 893 (concluding that entry of default judgment

Order – Page 1

under Rule 55(b)(2) is not mandatory; district courts have "discretion to decline to enter a default judgment").

As a preliminary matter, Plaintiff's Motion does not satisfy Rule 55's requirements for default judgments or applicable legal authority. No request for entry of default by the clerk of court has been requested by Plaintiff or granted. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (explaining that the plaintiff may apply to the court for entry of a default judgment *after* entry of default by the clerk of court against a defendant); Fed. R. Civ. P. 55(a). Additionally, after Plaintiff filed her Motion, Defendants 400Gradi, Gradi Group, and Igor Stevovic filed an Answer (Doc. 9) on October 11, 2024. If service as to Defendants 400Gradi and Gradi Group was effected on July 25, 2024, as reflected in the Affidavits of Service attached to Plaintiff's Motion, their October 11, 2024 Answer was not filed timely. As noted, though, entry of a default judgment is not a matter or right even when a defendant has technically defaulted.

This is particularly so given Defendants' request on October 7, 2024, for an extension to file their answer, which was granted by the court. *See* Docs. 7, 8. The motion filed by Defendants 400Gradi, Gradi Group, and Igor Stevovic was titled "Unopposed Motion of Defendants 400Gradi, Gradi Group, and Igor Stevovic to Set Aside Request for Entry of Default Judgment and to Extend Time to File [] Answer." Doc. 7. Instead of asking the court to deny Plaintiff's Motion, Defendants requested that the court "set aside" Plaintiff's Motion to the extent it requested entry of default judgment, and it mistakenly assumed that default judgment was sought as to Igor Stevovic, who was not the subject of Plaintiff's Motion because he had not yet been served. As Defendants' motion was unopposed, the court saw no harm in granting it and extending Defendants' answer deadline, even though the manner in which the relief sought by Defendants was somewhat unorthodox from a legal standpoint. Moreover, Defendants' motion and the subsequent Answer

that was filed on October 11, 2024, reflect their willingness and intent to participate in the legal proceedings in this case moving forward. In other words, this is not an extreme situation in which the defendants never made an appearance or unreasonably delayed in doing so that might justify entry of a default judgment. The court also notes that Plaintiff's Motion is not accompanied by a brief that sets forth her contentions of fact and/or legal authority as required by Local Civil Rule 7.1.

For all of these reasons, the court determines that entry of a default judgment against Defendants 400Gradi and Gradi Group is not warranted under the circumstances and would not have been justified even if Plaintiff had complied with all procedural and substantive requirements for obtaining a default judgment under Rule 55. The court, therefore, **denies** Plaintiff's Motion (Doc. 5).

**It is so ordered** this 8th day of November, 2024.

                                            Sam A. Lindsay
                                            United States District Judge